IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SYED F. AHMED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1111 |
| | § | |
| THE CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant's Motion for Summary Judgment (Document No. 20), to which Plaintiff has filed his Response in opposition. After carefully considering the motion, response, and applicable law, the Court concludes that the motion should be granted.

I. Background

In 2008, Plaintiff Syed F. Ahmed ("Plaintiff") was arrested and convicted for installing a tracking device on his estranged wife's car, which conviction was later set aside because Plaintiff was a joint owner of the car at the time of the alleged offense. The initial complaint was made by Plaintiff's then estranged wife, Denise Michelle Ahmed ("Ms. Ahmed"), who reported to the Houston Police Department in May 2008 that she had discovered a GPS device on her car and that Plaintiff was stalking her.[1] The case was

---

[1] Document No. 20, ex. C at 000070-72, 000086-87.

assigned to Officer Robert Brown, who worked in the Homicide Unit investigating family violence cases.[2] Officer Brown contacted Plaintiff, who came to the police station for an interview.[3] After Officer Brown explained that Plaintiff was neither charged nor arrested, Plaintiff confirmed that he was married to Ms. Ahmed but estranged from her, and admitted that he had placed two tracking devices on Ms. Ahmed's car and had been tracking her since 2006 without her consent or knowledge.[4] Officer Brown confirmed that the car was registered to Ms. Ahmed.[5]

Officer Brown conferred with Harris County Assistant District Attorney Barron ("Barron") about the case, and Barron decided to pursue a charge of unlawfully installing a tracking device in violation of Texas Penal Code § 16.06.[6] Officer Brown prepared and signed a probable cause statement in support of this charge, which stated that Ms. Ahmed was the "sole owner" of her vehicle and that

---

[2] Document No. 21, ex. 1 at 10:16-11:9.

[3] Id., ex. 1 at 20:7-8.

[4] Document No. 20, ex. A at 80:3-13; id., ex. C at 000062-63; Document No. 21, ex. 1 at 21:8-19.

[5] Document No. 21, ex. 1 at 29:22-30:5.

[6] Id., ex. 1 at 24:4-14; Document No. 20, ex. C at 000063. Texas Penal Code § 16.06 makes it a Class A misdemeanor to "knowingly install[] an electronic or mechanical tracking device on a motor vehicle owned or leased by another person." TEX. PENAL CODE § 16.06(b).

Plaintiff was her estranged husband.[7] On May 30, 2008, a Harris County Magistrate found probable cause, and an arrest warrant was issued for Plaintiff.[8] Three days later, after learning that he had an outstanding Harris County warrant, Plaintiff turned himself into the Harris County Jail and was detained there for six or seven hours before bonding out.[9]

Plaintiff later obtained counsel and, based on her advice, pled guilty to a violation of Texas Penal Code § 16.06. Plaintiff was placed on deferred adjudication probation for 18 months and was fined $500.[10] Plaintiff completed his probation period in 2010, and later filed an application for writ of habeas corpus.[11] On May 19, 2011 his conviction was set aside based on actual innocence and

---

[7] Document No. 21, ex. 3. Officer Brown testified in his deposition that when he prepared the probable cause statement, he had in mind the charge of stalking rather than unlawful installation of a tracking device. Id., ex. 1 at 24:18-25:5. However, the probable cause statement he signed states that "AFFIANT BELIEVES AND HAS REASON TO BELIEVE THAT DEFENDANT, SYED FARUK AHMED, COMMITTED CLASS A UNLAWFUL INSTALLATION OF TRACKING DEVICE. . . ." Id., ex. 3.

[8] Document No. 21, ex. 3.

[9] Document No. 20, ex. A at 102:2-12, 104:8-105:14; id., ex. H at 000244.

[10] Document No. 20, ex. D.

[11] Id., ex. H.

ineffective assistance of counsel because Plaintiff was a joint owner of Ms. Ahmed's car at the time of the alleged offense.[12]

On April 18, 2013, Plaintiff filed this Section 1983 claim alleging malicious prosecution against the City of Houston ("Defendant"),[13] arising from a violation of his Fourth Amendment right to be free from unlawful arrest.[14] Defendant moves for summary judgment, arguing that Plaintiff's claim is barred by the statute of limitations, that Plaintiff has not identified any denial of rights by Defendant, that any deprivation of rights was not the result of any policy of Defendants, that Defendant did not arrest Plaintiff, and that there is no evidence of a failure to train Defendant's police officers.[15]

## II. Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide

---

[12] Document No. 21, ex. 4.

[13] Document No. 1 (Orig. Compl.).

[14] Document No. 19 (2d Am. Compl.).

[15] Document No. 20.

Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other

5

hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

III. Analysis

Plaintiff seeks damages under Section 1983, alleging a single cause of action, entitled "Malicious Prosecution," premised on Plaintiff's Fourth Amendment right to be free from unlawful arrest.[16] "Malicious prosecution" as such and standing alone, "is no violation of the United States Constitution," and thus provides no basis for relief under 42 U.S.C. § 1983. Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir. 2003). "[C]ausing charges to be filed without probable cause will not without more violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim." Id. at 953. However, "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection--

---

[16] Document No. 19. Oddly and presumably inadvertently, Plaintiff in the Jurisdiction section of his Second Amended Complaint recites that "this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution," but the pleading neither describes nor alleges any equal protection claim and none is argued in Plaintiff's opposition to Defendant's Motion for Summary Judgment.

6

the Fourth Amendment if the accused is seized and arrested, for example." Id. "Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion." Id. at 953-54.

Plaintiff's Second Amended Complaint pleads that his malicious prosecution claim is grounded in the "violation of his Fourth Amendment constitutionally protected right to be free from unreasonable seizures (e.g. an unlawful arrest) and the deprivation of liberty without due process of law."[17] Plaintiff contends that Officer Brown should have known that Plaintiff was an owner of the vehicle and therefore that no crime had occurred, that his failure adequately to investigate this issue was a result of inadequate training, and that Plaintiff's Fourth Amendment rights were violated when Plaintiff "was ultimately processed, booked, and jailed for hours before bonding out based upon a warrant issued on a flawed probable cause statement" signed by Officer Brown.[18]

---

[17] Id. at 4.

[18] Document No. 21 at 7; Document No. 20, ex. A at 138:22-139:3. Plaintiff does not allege--and the summary judgment evidence does not show--that Defendant was at any time involved in Plaintiff's prosecution except for Officer Brown's signing of the probable cause statement. See Document No. 21, ex. 1 at 24:7-14 (the district attorney made the decision to file the particular charge against Plaintiff); Document No. 20, ex. A at 122:19-123:22 (same); Document No. 21, ex. 1 at 34:21-35:1 (Officer Brown did not participate as a witness in the prosecution of Plaintiff).

7

Plaintiff's improbable theory is that his voluntary surrender at the Harris County Jail--after learning that Harris County had issued an arrest warrant for him--should be considered an unlawful arrest by the City of Houston, notwithstanding his admission that no one from the Houston Police Department ever arrested him.[19] According to the supplemental Offense Report, dated June 10, 2008, Plaintiff was placed in the Harris County jail on June 2, 2008. The circumstances of this allegedly false arrest in violation of the Fourth Amendment, according to Plaintiff himself, are that he voluntarily turned himself in at the jail after he had learned of the warrant for his arrest. He walked in and "told them, I have a warrant on my name and I would like to, you know, process it and get out on bond." Plaintiff reports the paperwork was processed, he was detained in the jail "for like, six, seven hours," and was bonded out and departed. Plaintiff was never again arrested or detained on this charge, and there is no claim of any lack of due process in the criminal proceedings that followed.

Given the summary judgment evidence viewed in the light most favorable to Plaintiff, the statute of limitations on Plaintiff's § 1983 suit for damages based on false arrest began when Plaintiff was detained on June 2, 2008. See Wallace v. Kato, 127 S. Ct.

---

[19] See Document No. 20, ex. A at 105:17-106:20 (Officer Brown was not present when Plaintiff turned himself in at the jail); id., ex. A at 130:4-8 ("Q. Did anybody from the Houston Police Department ever arrest you? A. For this? Q. Uh-huh. A. Nope.").

1091, 1100 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). In Texas, the two year statute of limitations applies and hence, Plaintiff's claim--not filed until April 2013--was time barred. Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir. 2005) ("The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state."); TEX. CIV. PRAC. & REM. CODE § 16.003 (two-year statute of limitations for personal injury claims); see also Castellano, 352 F.3d at 959 ("[W]e adhere to the view that the umbrella of the Fourth Amendment, broad and powerful as it is, casts its protection solely over the pretrial events of a prosecution.").

Plaintiff argues under Heck v. Humphrey, 114 S. Ct. 2364 (1994), that his claim was not untimely because he filed suit less than two years after his conviction was set aside in May 2011. That same argument was made by the plaintiff in Wallace, and rejected by the Court. See Wallace, 127 S. Ct. at 1097-1100.

Moreover, to the extent Plaintiff possibly asserts a state law claim for malicious prosecution, his state law claim is barred because he did not file suit until more than one year after his conviction was set aside. See TEX. CIV. PRAC. & REM. CODE § 16.002(a)

("A person must bring suit for malicious prosecution . . . not later than one year after the day the cause of action accrues."); Torres v. GSC Enterprises, Inc., 242 S.W.3d 553, 561 (Tex. App.-El Paso 2007) (statute of limitations on malicious prosecution claim begins to run when the criminal prosecution is terminated).

IV. Order

For the foregoing reasons, it is

ORDERED that Defendant City of Houston's Motion for Summary Judgment (Document No. 20) is GRANTED, and Plaintiff Syed F. Ahmed's claims are DISMISSED with prejudice.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 27th day of October, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE